SMITH, Circuit Judge,
dissenting.
I would hold that Colenburg made a submissible case on his failure to promote claim under the MHRA and therefore respectfully dissent.
The majority concludes that Colenburg made a prima facie showing by circumstantial evidence that Starcon discriminated against him. I agree. I would go further and also hold that he supplied sufficient evidence to make the issue of Star-con’s possible pretext a question for the jury. Starcon posited Olsen’s managerial experience as its nondiscriminatory reason for promoting him instead of Colenburg. Thus, Colenburg was obligated to produce evidence that Starcon’s reason, Olsen’s experience, was not its true reason but a pretext for discrimination. Dixon v. Pulaski County Special Sch. Dist., 578 F.3d 862, 868 (8th Cir.2009).
Colenburg can meet this obligation by showing Starcon’s explanation lacked credibility or by showing Starcon was more likely motivated by a prohibited reason. Id. at 869. Here, Holznagel promoted Olsen from laborer to foreman after only four months on the job based on generic leadership experience. Colenburg had been on the job for more than two years, received training, gotten specific leadership experience and positive performance reviews in the job area at issue. The Starcon decision-maker, Holznagel, did not post the position to give Colenburg an opportunity to seek it.
Also, Holznagel made a statement in an email which raises concern about the objectivity of his hiring decision and the process used. The day before the decision he stated, “By having HR’s involvement it would not look like [I am] playing favorites, yet I would be involved in the process.” (App. 185). This statement is at best ambiguous and is susceptible to an interpretation less than favorable to Star-con. To be sure, Colenburg’s case lacks indisputable direct evidence of discrimination. But such is not required. Griffith v. *996 City of Des Moines, 387 F.3d 733, 736 (8th Cir.2004). Together with the evidence put forth in his prima facie case, Colenburg’s additional evidence on possible pretext, when reviewed with favorable inferences as it must be on summary judgment, is sufficient to warrant a trial. Because I would reverse on this issue, I also would reverse on Starcon’s counterclaim.